IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief August 4, 2006

## ALVIN KING v. SHELBY COUNTY GOVERNMENT CIVIL SERVICE MERIT BOARD

A Direct Appeal from the Chancery Court for Shelby County
No. CH-04-0355-2     The Honorable Arnold Goldin, Chancellor

---

No. W2006-01079-COA-R3-CV - Filed August 31, 2006

---

Employment of a Shelby County Deputy Sheriff was terminated and the decision was upheld by the Shelby County Civil Service Merit Board. The employee filed a petition for writ of certiorari in the Chancery Court of Shelby County. The administrative record was duly filed in the trial court. Subsequently, the chancery court entered an order denying writ of certiorari. We vacate the trial court's order and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Darrell J. O'Neal of Memphis, Tennessee for Appellant, Alvin King

Martin W. Zummach of Germantown, Tennessee for Appellee, Shelby County Government Civil Service Merit Board

**OPINION**

Alvin King ("Petitioner," or "Appellant") was employed by the Shelby County Sheriff's Department (the "Department") as a Deputy Jailer. On or about August 11, 2003, Mr. King was assigned to relieve another officer and to monitor and supervise the activities of a group of inmates on the fourth floor, K-pod of the Shelby County Jail. While Mr. King was supervising this group, one of the inmates, Terry Farris, complained of an injury to his eye. Mr. King procured ice for the inmate's eye, but did not report the incident as required by the internal policy of the Department.

On or about August 15, 2003, the Department opened an investigation through its Internal Affairs Division. The report issued by the Internal Affairs Division following its investigation indicates that Inmate Farris gave a tape-recorded statement, in which the inmate stated:[1]

> Farris stated five cell is where Officer King allows the inmates to go inside and fight. Farris stated he told Officer King he needed to see medical and Officer King said, "No." Farris said he told him again and Officer King, "Ain't never said nothing." Officer King kept walking around the pod...looking in the cell.... Farris reiterated Officer King having seen his eye because he walked right up to Officer King and told him what had happened.

Several other officers testified by tape-recorded statement to the Internal Affairs Division. According to the Internal Affairs Division Report, Mr. King's tape-recorded statement contained the following:

> Officer King advised he had a brief conversation with Farris. Officer King advised he asked Farris if he wanted to go to medical but he and Farris agreed to let it go, "They were going to let everything die." Officer King advised he did see Farris' eye and he did not send him to medical. Officer King acknowledged it being policy that if an inmate has any type of injury he is to see medical. Officer King further acknowledged he did not contact the Sergeant and he did not make any entry into the computer in reference to the incident. Officer King acknowledged making his rounds in the pod, seeing Farris and still not sending him to Medical. Officer King stated he went and got ice for Farris. Officer King advised he did not see the fight and he does not know what happened. Officer King acknowledged Farris did not say he actually had a fight with another inmate. Officer King stated there is no truth to the allegation that he allows inmates to fight in five cell.

---

[1] This Internal Affairs Division Report was admitted as Exhibit 1 at the hearing before the Board.

The Internal Affairs Division concluded that, based upon the information gleaned during its investigation, Mr. King may be in violation of Departmental Rules and Regulations SOR 601 for Failure to Complete Official Reports,[2] and SOR 120 for Neglect of Duty.[3]

On September 8, 2003, a "Loudermill Hearing" was held in order to give Mr. King an opportunity to address the charges of violation of SOR 601 and SOR 102. Lieutenant Opal Craine presided over the hearing, at which Ms. S. Renfroe appeared on behalf of the Department, and Corporal Charlie Hubbard appeared on behalf of Mr. King. Because of our decision in this case, we do not find it necessary to recite the minutia of the testimony at the hearings.

On or about September 10, 2003, Lieutenant Craine informed Mr. King by letter that, based upon the evidence adduced at the hearing, Mr. King was guilty of neglect of duty and that his position with the Department would be terminated effective September 11, 2003. The letter also informs Mr. King of his right to appeal.

Mr. King filed a timely appeal to the Shelby County Civil Service Merit Board (the "Board," or "Appellee"). A hearing was held before the Board on December 11, 2003. The Board ultimately upheld the charges against Mr. King. On or about December 19, 2004, the Board issued its Decision upholding termination of Mr. King's employment.

On February 17, 2004, Mr. King filed a petition in the Chancery Court of Shelby County for a Writ of Certiorari, and the court granted the writ on the same day. The Board filed its Answer on March 5, 2004. Mr. King's petition came before the trial court for hearing on April 25, 2006.[4] Following the hearing, on May 5, 2005, the trial court entered its "Order Denying Writ of Certiorari." Mr. King appeals and raises two issues for review as stated in his brief:

> 1. Whether the trial court erred when it upheld the Civil Service Merit Board's decision when it deprived the Petitioner of his constitutional and statutory rights when the hearing continued without his legal representative present.

---

[2] SOR 601 COMPLETING OFFICIAL REPORTS: An employee shall make reports promptly, accurately, completely, and in full conformity with specifications of the SCSO as required by his/her job position. An employee shall make all necessary reports as required as soon as possible and practicable before going off duty....

[3] SOR 120 NEGLECT OF DUTY: (A) Each employee, because of his/her rank and assignment, is required to perform certain duties and assume certain responsibilities. Failure to properly function in these area[s] constitutes neglect of duty. This regulation prohibits any omission or failure to act by any employee of the SCSO, whether on duty or off duty, when such action is required by the stated policy, goals, rules, regulations, orders and directives of the SCSO. It applies to any employee who, through carelessness, inefficiency, or design, fails to implement the policy, goals, rules, regulations, orders, training, and directives of the SCSO. When a violation poses a risk to the safety or security of the public, fellow employees or inmates/detainees.

[4] We note that Mr. King was represented by counsel at this hearing.

2. Whether the trial court erred when it upheld a Civil Service Commission's decision that was not supported with substantial evidence.

This is an appeal from the trial court's order denying Writ of Certiorari. T.C.A. § 27-8-101 (2000) provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

The court's review under such a writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn.1990). The reviewing court does not re-weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn.1980); *Davison*, 659 S.W.2d at 363. These determinations are issues of law. *Watts*, 606 S .W.2d at 277. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000); Tenn. R. App P. 13(d).

It is undisputed that Mr. King was a classified employee in the Shelby County civil service whose terms of employment were governed by the Shelby County Civil Service Merit Act as enacted by 1971 Tenn. Priv. Act ch. 110. The Merit Act stipulates that classified county employees may be terminated only for just cause. 1971 Tenn. Priv. Acts ch. 110 § 21. Such employees possess a property interest in their continued employment which may not be deprived by the State without due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The question that arises in this case concerns what process is therefore due. The most fundamental element of due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). "[N]otice and opportunity for [a] hearing appropriate to the nature of the case" must precede the "deprivation of life, liberty or property." *Loudermill*, 470 U.S. at 541, 105 S.Ct. 1487 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews*, 424 U.S. at 334, 96 S.Ct. 893 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

We do not reach the merits of the controversy in this case because of procedural aspects. As previously noted, this case was commenced in the trial court upon the filing of a petition for writ for certiorari. The court granted the writ of certiorari. However, the final order of the court from which

this appeal was taken is an order denying the writ of certiorari. The common law writ of certiorari is also used as the proper procedural vehicle through which prisoners may seek review of decisions from administrative tribunals. *See Rhoden v. State Dept. of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). By granting the writ, the reviewing court orders the lower tribunal to file its record so that the court can determine whether the petitioner is entitled to relief. The issuance by the trial court of a writ of certiorari is simply a command by the trial court to the inferior tribunal or administrative agency to send the record made before the agency in the proceeding to the court for review of that record. *Gore v. Tennessee Dept. of Correction*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003), citing *Conners v. City of Knoxville,* 189 S.W. 870, 872 (Tenn. 1916). Once the complete record has been filed, the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing. *Jeffries v. Tennessee Dept. of Correction*, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002). Thus, it would appear that the proper course for the trial court to take, having granted the petition for writ of certiorari, is to decide the case and enter the appropriate judgment concerning the merits of the case.

In the instant case, we have a more serious procedural problem. The trial court entered its appealed order on May 5, 2006. However, on May 19, 2006, probably unknown to the trial court, our Supreme Court filed its decision in the case of *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2006). In *Tidwell*, our Supreme Court determined that the City of Memphis OJI panel qualifies as a civil service board, as provided for in T.C.A. § 27-9-114. In doing so, however, the Supreme Court, noting that the case was in the chancery court on a petition for writ of certiorari, considered the seminal issue as to the proper procedure for appealing a decision of a civil service merit board. The Court noted that the resolution of the appeal involves the interpretation of T.C.A. § 27-9-114, which is a question of law. T.C.A. § 27-9-114 (2000) provides:

> 27-9-114. **Proceedings involving certain public employees.**
>
> (a) (1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.
>
> (2) The provisions of this subsection pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government.
>
> (b) (1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

(2) Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the local civil service board is located.

(3) In any appeal pursuant to this section deemed by the court to be frivolous, the sanctions of the Federal Rules of Civil Procedure, Rule 11 may be applied by the chancellors.

The *Tidwell* Court noted that T.C.A. § 27-9-114 "originally provided that the common law writ of certiorari was the appropriate method of judicial review of administrative determination affecting the employment status of municipal employees." *Id.* at 559 (citations omitted). The Legislature subsequently amended the statute, effective January 1, 1989, to eliminate the review by common law certiorari and substituting therefor the current provisions for review under the Uniform Administrative Procedure Act ("UAPA"). The Legislature further noted that the statutory amendment "also mandated that the contested case procedures of the UAPA be applied to those cases falling within the scope of Section 27-9-114 (a)(1)." *Id*.

Through the UAPA, T.C.A. § 4-5-322 (2005) provides, in pertinent part:

(a) (1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

*       *       *

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) (A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

(i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors that affect the merits of such decision.

(j) The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record.

In the instant case, the trial court, acting on a petition for writ of certiorari (which was granted) used the standard of review for considering writs of certiorari. However, the case should have been decided using the standard of review set out in T.C.A. § 4-5-322 (h). Moreover, the order of the trial court does not contain any findings of fact and conclusions of law as specifically required under T.C.A. § 4-5-322 (j).

Accordingly, we will consider the petition for writ of certiorari filed in the chancery court as a petition for review under the UAPA. The order of the trial court denying the writ of certiorari is vacated, and the case is remanded to the trial court for further proceedings consistent with this Opinion. Costs of the appeal are assessed one-half to the Appellant, Alvin King, and his surety, and one-half to the Appellee, Shelby County Government Civil Service Merit Board.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.