# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 10, 2005 Session

## ROY L. TIDWELL and RICHARD COGGINS, ET AL. v. CITY OF MEMPHIS

**Appeal by permission from the Court of Appeals**
**Chancery Court for Shelby County**
**No. CH-01-2221-1     Walter L. Evans, Chancellor**

---

**No. W2004-00024-SC-R11-CV - Filed on May 19, 2006**

---

This case involves an appeal filed by thirteen firefighters and one police officer currently or previously employed by the City of Memphis. Each of the employees was diagnosed with an illness or condition claimed to be work-related. After the City of Memphis denied the employees' claims for benefits stemming from their work-related conditions, the employees appealed to the Chancery Court of Shelby County. The chancery court consolidated the cases, reversed the City's denial of benefits, and awarded benefits to each of the employees. The chancery court's decision was based upon its determination that the cases should have proceeded under the Uniform Administrative Procedures Act "UAPA" rather than an alternative process adopted by the City to handle such claims. The Court of Appeals reversed, finding that the City was not required to comply with the UAPA in resolving claims for work-related benefits. After careful consideration of the record and applicable law, we conclude that the chancery court correctly determined that the employees' cases were subject to the contested case procedures set forth in the UAPA. Accordingly, the judgment of the Court of Appeals is reversed. We also reverse the trial court's judgment to the extent that it awards benefits to the employees. The case is remanded to the trial court for further proceedings pursuant to this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed and Case Remanded to the Chancery Court of Shelby County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

John Ford Canale, III, Donald A. Donati, William B. Ryan, and Timothy Taylor, Memphis, Tennessee, for the appellants, Roy L. Tidwell and Richard Coggins, et al.

Sam L. Crain, Jr., and Sara Hall, Memphis, Tennessee, for the appellee, City of Memphis.

Thomas A. Woodley, Washington DC, for the amicus curiae, International Association of Fire Fighters, AFL-CIO.

## OPINION

### Factual and Procedural Background

The plaintiffs in this case are thirteen firefighters and one police officer currently or previously employed by the City of Memphis ("City"). During the course of their employment with the City, each employee was diagnosed with hypertension, post-traumatic stress disorder, heart disease, or stroke, which they contended was causally related to their employment. Each employee filed a claim for benefits with the City pursuant to the City's "On the Job Injury Program." The purpose of this program was to administer payment of medical expenses and compensation for employees who suffer injury, death, or occupational disease occurring during the performance of their job duties.

The City elected to not be subject to the state's workers' compensation statutes. See Tenn. Code Ann. § 50-6-106(6)(2005) ("The Workers' Compensation Law . . . shall not apply to . . . [t]he state of Tennessee, counties thereof and municipal corporations" unless the state or political subdivision elects to opt into the workers' compensation system.). Instead, the City established its own administrative procedure to handle benefit applications for work-related injuries. Under the City's program, applications for benefits filed by police officers and firefighters are reviewed by the City's Risk Manager, who compiles the employee's medical history, results of any pre-employment physical examination, and a copy of the employee's job description. These records are then forwarded to a panel of three physicians selected by the City to determine the cause of the employee's illness or injury. One of these physicians performs a physical examination of the employee. The results of the physical examination are shared with the other two physicians. The physicians then submit their written findings to the City's Risk Manager, who decides whether to approve or deny the application for benefits. In the present case, the City's Risk Manager denied each employee's application for benefits.

A decision by the City's Risk Manager to deny benefits is reviewable by the City's "On the Job Injury Appeals Panel" ("OJI Panel"). The OJI Panel consists of the City's Risk Manager, the City's Director of Finance, and the City Attorney, or their designees. Each of the employees in the present case filed an appeal with the OJI Panel to contest the denial of benefits by the Risk Manager. The employees were not permitted to be represented by an attorney at their hearings before the OJI Panel. The OJI Panel affirmed the Risk Manager's denial of benefits to each employee.

The employees subsequently filed petitions for writs of certiorari with the Chancery Court of Shelby County seeking review of the OJI Panel's decision in their respective cases. The employees' petitions were filed under both the common law writ of certiorari pursuant to Tennessee

Code Annotated section 27-8-101 (2000)[1] and the statutory writ of certiorari pursuant to Tennessee Code Annotated section 27-8-102 (2000).[2] The parties now agree that the statutory writ embodied in section 27-8-102 is inapplicable to this case.

The chancery court consolidated the cases and entered judgments in favor of the employees. Specifically, the chancellor concluded that (1) Tennessee Code Annotated section 27-9-114 (2000), which governs review of the rulings of civil service boards, applies to decisions rendered by the City's OJI Panel; (2) the proper method of judicial review of decisions rendered by the OJI Panel is neither by common law nor statutory writ of certiorari, but under section 4-5-322 of the Uniform Administrative Procedures Act ("UAPA"); and (3) proceedings before the OJI Panel must be conducted in accordance with the contested case procedures set forth in the UAPA.[3] Finding that the proceedings before the OJI Panel were not in compliance with the UAPA, the chancellor reversed the decisions of the OJI Panel and ordered the City to grant the employees the benefits sought in their respective cases.

The Court of Appeals reversed the chancery court's judgment. The intermediate appellate court concluded that the City's OJI Panel was not subject to the provisions of section 27-9-114 because it was not a civil service board. Accordingly, the Court of Appeals held that the chancellor erred in granting benefits to the employees based upon the City's failure to comply with the UAPA. Based upon its determination that the UAPA was not applicable, the Court of Appeals also found that the trial court's standard of review was limited to the common law writ of certiorari rather than the broader standard of review provided for in the UAPA.

We granted discretionary review under Rule 11 of the Tennessee Rules of Appellate Procedure and now reverse the Court of Appeals.

**Standard of Review**

The resolution of this appeal involves the interpretation of a statute, specifically section 27-9-114, which is a question of law. Therefore, the standard of review is de novo without any presumption of correctness given to the legal conclusions of the courts below. See Sanders v. Traver, 109 S.W.3d 282, 284 (Tenn. 2003) (citing State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001)). In

---

[1] Section 27-8-101 states in pertinent part: "The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

[2] Section 27-8-102 states in relevant part: "Certiorari lies: (1) On suggestion of diminution; (2) Where no appeal is given; (3) As a substitute for appeal; (4) Instead of audita querela; or (5) Instead of writ of error."

[3] A contested case is defined by the UAPA as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing." Tenn. Code Ann. § 4-5-102(3) (2005).

interpreting statutes, the duty of this Court is to ascertain and give effect to the intent and purpose of the legislature without unduly restricting or expanding a statute's coverage beyond its intended scope. <u>Id.</u> We determine the legislature's intent from the natural and ordinary meaning of the statutory language within the context of the entire statute. <u>See</u> <u>Calaway v. Schucker</u>, ___ S.W.3d ___ (Tenn. 2005).

**Analysis**

At issue in this case is the language of section 27-9-114, which states in relevant part as follows:

> **Proceedings involving certain public employees**. — (a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act . . . .
>
> (b)(1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act . . . .

Prior to January 1, 1989, section 27-9-114 provided in pertinent part as follows:

> No court of record of this state shall entertain any proceeding involving the civil service status of a county or a municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law certiorari.

Thus, section 27-9-114 originally provided that the common law writ of certiorari was the appropriate method of judicial review of administrative determinations affecting the employment status of municipal employees. <u>See</u> <u>Huddleston v. City of Murfreesboro</u>, 635 S.W.2d 694, 695-96 (Tenn. 1982) (holding that section 27-9-114 is the "exclusive remedy for judicial review of administrative determinations respecting the employment status of such employees"). Effective January 1, 1989, however, the legislature amended section 27-9-114 by deleting the provision requiring review by common law certiorari and replacing it with the current provision providing for judicial review under the UAPA. <u>See</u> Tenn. Code Ann. § 27-9-114(b)(1). The amendment also mandated that the contested case procedures of the UAPA be applied to those cases falling within the scope of section 27-9-114(a)(1). <u>Id.</u>

In order for section 27-9-114(a)(1) to apply, there must (1) be a proceeding before a "civil service board" and (2) a decision that affects the "employment status" of a civil service employee. In the absence of either of these two prerequisites, the provisions of section 27-9-114 do not apply.

-4-

If section 27-9-114 does not apply, then review is under the common law writ of certiorari, which limits the review to whether the administrative agency has exceeded its authority or has acted illegally, arbitrarily, or fraudulently. See McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990).

On the other hand, if section 27-9-114 does apply, the UAPA governs. Under the UAPA, an administrative agency's decision may be reversed if the court determines that the decision was, among other things, "made upon unlawful procedure." See Tenn. Code Ann. § 4-5-322(h)(3) (2005).[4] The chancery court in this case determined that the OJI Panel made its decisions "upon unlawful procedure" because the City's Risk Manager–who made the initial decision to deny benefits–also served on the OJI Panel, a practice prohibited by the UAPA. See Tenn. Code Ann. § 4-5-303 (2005) (one who participates in a "preliminary determination" in a contested case cannot later serve as an administrative judge or hearing officer or assist or advise an administrative judge or hearing officer in the same case). The chancery court also found that the City's appeals process before the OJI Panel prohibited employees from being represented by counsel in violation of Tennessee Code Annotated section 4-5-305 (2005).[5]

### 1. Meaning of Civil Service Board

Reduced to its essence, the present case requires this Court to decide whether proceedings before the City's OJI Panel fall within the scope of section 27-9-114(a)(1). Specifically, we must determine whether the OJI Panel qualifies as a civil service board. At the outset of performing this task, we note that section 27-9-114 does not define what is meant by the phrase "civil service board." We further note that the legislative history surrounding the statute sheds no light on the subject.

---

[4]Section 4-5-322(h) states in part:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

[5] Section 4-5-305 states:

(a) Any party may participate in the hearing in person or, if the party is a corporation or other artificial person, by a duly authorized representative.
(b) Whether or not participating in person, any party may be advised and represented at the party's own expense by counsel, or, unless prohibited by any provision of law, other representative.

-5-

The City argues that its OJI Panel is not a civil service board under section 27-9-114 and, therefore, its proceedings are not subject to the contested case procedures of the UAPA. Accordingly, the City contends that judicial review of the OJI Panel's decisions is pursuant to the common law writ of certiorari. The City reasons that the legislature's decision to amend section 27-9-114 by removing the broad language "city or county official or board" and substituting the specific language "civil service boards of a county or municipality," reflects an intent to exclude entities like the OJI Panel from the statute's reach. Thus, proceedings before the OJI Panel are not subject to the UAPA. We disagree.

Prior to the 1988 amendment to section 27-9-114, the courts regularly applied the statute to a wide variety of municipal entities, including civil service boards, see Gaston v. Civil Serv. Merit Bd. of Shelby County, 1986 WL 9964 (Tenn. Ct. App. Sept. 15, 1986), city councils, see Huddleston, 635 S.W.2d at 694, pension boards, see Love v. Ret. Sys. of the City of Memphis, 1987 WL 17246 (Tenn. Ct. App. Sept. 21, 1987), boards of education, see Cunningham v. Bd. of Educ. for Grundy County, 1986 WL 10692 (Tenn. Ct. App. Oct. 1, 1986), and boards of health, see Goodwin v. Metro. Bd. of Health, 656 S.W.2d 383 (Tenn. Ct. App. 1983).[6]

After the 1988 amendment, the courts continued to apply section 27-9-114 to the decisions of municipal entities that, while not called civil service boards, effectively sat as civil service boards by making decisions that affected a worker's employment status. See, e.g., Yates v. City of Chattanooga, No. E2000-02604-COA-R3-CV, 2001 WL 533351 (Tenn. Ct. App. May 21, 2001) (applying the amended statute to a city council); Bullard v. City of Chattanooga Firemen's & Policemen Ins. & Pension Fund, No. 03A01-9705-CH-00193, 1998 WL 90834 (Tenn. Ct. App. Mar. 3, 1998) (applying the amended statute to the denial of pension benefits by a pension fund board); Stephenson v. Town of White Pine, No. 03A01-9705-CH-00185, 1997 WL 718974 (Tenn. Ct. App. Nov. 13, 1997) (applying section 27-9-114 to a mayor and board of alderman); Holder v. City of Chattanooga, 878 S.W.2d 950 (Tenn. Ct. App. 1993) (rejecting an argument that a city council did not qualify as a civil service board under section 27-9-114 when it was effectively sitting as a civil service board rather than as a legislative body); Jones v. Personnel Merit Bd. of the City of Dyersburg, 1988 WL 104697 (Tenn. Ct. App. Oct. 10, 1988) (applying section 27-9-114 to a personnel merit board's termination of a fireman following a work-related injury).[7]

Thus, in short, cases decided before the 1988 amendment to section 27-9-114 held that the statute was the remedy for reviewing administrative decisions affecting the employment status of city and county employees. This was true whether or not the administrative agency was technically

---

[6]This opinion cites a number of unreported cases because there are very few reported cases dealing with the current issue. While these opinions are not precedential authority, they do have persuasive value.

[7]The Court of Appeals in the present case relied upon Pardue v. Metro. Gov't of Nashville & Davidson County, No. 01A01-9707-CH-00312, 1998 WL 173208 (Tenn. Ct. App. Apr. 15, 1998), for the proposition that decisions of a pension board should be reviewed under the common law writ of certiorari. However, a close review of Pardue indicates that the intermediate court did not address whether the pension board was effectively sitting as a civil service board for purposes of section 27-9-114.

labeled a civil service board. Cases decided after the 1988 amendment have continued to hold that the technical designation of a municipal body as a civil service board is not necessary for section 27-9-114 to apply. It is apparent, therefore, that the weight of case law does not support the City's interpretation of the statute.

The City also argues that we should look to the definition of a civil service board found in Tennessee Code Annotated section 6-54-114(b) (2005) to determine the scope of section 27-9-114. The problem with the City's reliance upon section 6-54-114(b) is that the statute does not provide a definition of a civil service board, but merely sets forth the qualifications and procedures for the appointment of civil service board members in the state's most populous counties.[8] Section 6-54-114 does not speak to the authority, obligations, or purposes of a civil service board. In other words, section 6-54-114 does little to help resolve this case.

There is another statute, however, Tennessee Code Annotated section 8-8-409 (2002), which is helpful. Section 8-8-409 states that a civil service board "shall . . . [h]ear and determine appeals and complaints respecting the administration of this part . . . and [d]etermine all fringe benefits to employees coming under the provisions of this part." Although section 8-8-409 applies only to sheriff department employees, it provides insight into what the legislature considered the appropriate functions of a civil service board to be, i.e., hear administrative appeals and determine benefits to which an employee may be entitled. The definition of a civil service board gleaned from section 8-8-409 is consistent with the application of section 27-9-114 by the courts before and after the 1988 amendment to section 27-9-114.

Additionally, it is significant that the current version of section 27-9-114 exempts certain entities from the scope of the statute. Specifically, section 27-9-114(a)(2) states that "[t]he provisions of this subsection pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government." This language indicates that the legislature intended for all administrative bodies functioning in an adjudicative capacity not specifically exempted to be included within the statute's reach. See Myint v. Allstate Ins. Co., 970 S.W.2d 920, 925 (Tenn. 1998) (statutes containing coverage exemptions may be read to include entities not specifically exempted). This is not to say that section 27-9-114 applies to every proceeding before every municipal entity having decision-making power. Rather, section

---

[8] T. C. A. § 6-54-114(b) states:

Notwithstanding any provision of any municipal charter or ordinance to the contrary, all members of any municipal civil service board in any county with a population greater than three hundred thousand (300,000), created by ordinance or charter, shall be appointed by the mayor of the municipality which the board serves. Such appointments shall be subject to confirmation by the municipal legislative body. At least one (1) member shall be a woman and one (1) member shall be a minority citizen. The provisions of this section shall not apply to municipalities with a mayor-aldermen form of government.

27-9-114 applies when the entity in question is sitting in an adjudicative capacity functioning as a civil service board by making decisions that affect a worker's employment status. Accordingly, we decline to limit the definition of a civil service board as used in section 27-9-114 only to those municipal entities that are technically designated as such. To do so would elevate form over substance. See Johnson v. Johnson, 37 S.W.3d 892, 896 (Tenn. 2001).

Finally, we note that in addition to harmonizing the language of 27-9-114 with other references in the code to civil service boards, as well as giving meaning to the statute's coverage exemptions, our interpretation of section 27-9-114 should bring some measure of uniformity to the process by which municipalities resolve claims for work-related injuries. The employees and the amicus argue that uniformity is needed so that similarly situated claimants are not subject to widely divergent results. They also argue that the protections afforded by the administrative process adopted by the City are inadequate because affected employees are not given a meaningful opportunity to present their claims. They further argue that the City's process deprives them of the presumption of causation found in Tennessee Code Annotated section 7-51-201. The City responds that the common law writ of certiorari prevents it from handling claims in the arbitrary manner feared by the employees. In our view, it unnecessary for this Court to pass upon the adequacy of the City's policies and procedures for handling work-related injury claims at this time. However, we do agree that some measure of uniformity, achieved by applying the UAPA, is a desirable goal. The legislature promulgated the UAPA for this very purpose–"to clarify and bring uniformity" to the procedures of administrative agencies and judicial review of their decisions. See Tenn. Code Ann. § 4-5-103(a) (2005).

Applying the foregoing to this case, we conclude that the City's OJI Panel was acting as the functional equivalent of a civil service board by holding hearings, analyzing evidence, and determining appeals from administrative decisions to grant or deny benefits to injured employees. The OJI Panel was acting in the role contemplated by section 8-8-409, i.e., a civil service board "shall . . . [h]ear and determine appeals and complaints respecting the administration of this part . . . and [d]etermine all fringe benefits to employees . . . ." Thus, we agree with the trial court's finding that the City's OJI Panel fits within the civil service board language of section 27-9-114.

## 2. Meaning of Employment Status

Our decision that the City's OJI Panel fits within the civil service board language of section 27-9-114 does not end our inquiry. We must also determine whether decisions of the OJI Panel affect the employment status of workers who come before it. The City argues that its OJI Panel does not affect the employment status of city workers. We disagree.

Like the phrase "civil service board," the phrase "employment status" is not defined in section 27-9-114. In addition, unlike the phrase "civil service board," there are no other statutes that offer insight into the meaning of employment status. However, at the time of the amendment to section 27-9-114, there was a judicial definition of employment status for purposes of section 27-9-114. Under the case law existing at the time of the statute's revision, employment status encompassed the

"entire legal relation of the employee to the employer." <u>Love v. Ret. Sys. of the City of Memphis</u>, 1987 WL 17246 at *1 (Tenn. Ct. App. Sept. 21, 1987).[9] Significantly, the legislature altered the statute and chose to revise most of the statute *except* the term employment status. Because the legislature chose to leave that term unaltered in the amended statute, we see no reason to alter that definition ourselves.

Based upon the foregoing discussion, we find that decisions rendered by the OJI Panel affect the employment status of workers who come before it after having their claim for benefits denied. The OJI Panel conducts a hearing and issues a final decision for the City on whether an illness or injury is work-related and, therefore, compensable. As a direct result of this adjudicatory task, an employee's income may remain the same, be reduced, or be eliminated. Indeed, an employee could be terminated if the employee can no longer perform his or her duties. Thus, we conclude that the trial court correctly found that decisions rendered by the OJI Panel in this case affected the employment status of the plaintiffs.

### Conclusion

For the reasons stated above, we reverse the Court of Appeals and reinstate the chancery court's judgment that under section 27-9-114, proceedings before the City's OJI Panel, as well as the standard of judicial review of its decisions, are governed by the UAPA. Further, we affirm the chancery court's finding that the proceedings before the OJI Panel involving the employees in this case were not in compliance with the UAPA.[10] However, unlike the chancery court, we do not believe that the appropriate remedy is an award of benefits to each employee. Rather, this matter is remanded to the trial court for further proceedings, including an appropriate order directing the City to comply with the UAPA in each case. The costs of this appeal are assessed against the City of Memphis and its surety, for which execution may issue if necessary.

ADOLPHO A. BIRCH, JR., JUSTICE

---

[9]The court in <u>Love</u> stated that "we are of the opinion that [section 27-9-114] is not limited to [employee discharges and suspensions]. The term 'employment status' encompasses the entire legal relation of the employee to the employer. An employee's eligibility for retirement benefits is an important aspect of that relation." <u>Love</u>, 1987 WL 17246 at *1.

[10]There is no dispute that the OJI Panel's procedures do not comply with the contested case procedures of the UAPA.