# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 27, 2015 Session

## KENNETH MARINO v. BOARD OF ADMINISTRATION CITY OF MEMPHIS RETIREMENT SYSTEM

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-14-0404-3     Oscar C. Carr, III, Chancellor**

---

**No. W2015-00283-COA-R9-CV – Filed November 16, 2015**

---

We granted an application for an interlocutory appeal in this case to consider whether the Board of Administration of the City of Memphis Retirement System is exempt from the contested case procedures of the Uniform Administrative Procedures Act because the City of Memphis is organized as a home rule charter form of government.  We hold that the Board is not exempt from the contested case procedures and therefore affirm the trial court's order granting partial summary judgment to the petitioner.  This matter is remanded for further proceedings in accordance with the Uniform Administrative Procedures Act.

**Tenn. R. App. P. 9  Interlocutory Appeal by Permission; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Herman Morris, Jr., City Attorney, Barbaralette G. Davis, Senior Assistant City Attorney and Jake R. Hayes, Assistant City Attorney, Memphis, Tennessee, for the appellant, City of Memphis.

John Ford Canale, Memphis, Tennessee, for the appellee, Kenneth Marino.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Kenneth Marino ("Marino") was a firefighter for the City of Memphis.  On October 30, 2013, Marino filed an application for line of duty disability retirement benefits with the Retirement System of the City of Memphis.  The Board of

Administration of the City of Memphis Retirement System ("Pension Board") held a hearing on the application on January 30, 2014. After considering medical evaluations from physicians, the relevant ordinances, and argument on Marino's behalf, the Pension Board approved "ordinary disability" benefits for Marino but denied his request for "line of duty disability" benefits.

Marino filed a petition for review of the decision in the chancery court of Shelby County. Among other things, Marino argued that the Pension Board failed to comply with the contested case provisions of the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-301, et seq. Marino relied on Tennessee Code Annotated section 27-9-114(a)(1), which provides:

> (a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.

Marino argued that the Pension Board was a civil service board within the meaning of the statute, and therefore, the Pension Board violated the law and deprived him of rights by failing to adhere to the contested case provisions of the UAPA.[1] Marino asked the chancery court to vacate the decision of the Pension Board and remand with instructions for the Pension Board to comply with the contested case provisions.

Marino subsequently filed a motion for partial summary judgment on the issue of whether the Pension Board was required to conduct its line of duty disability hearings in conformity with the contested case provisions of the UAPA. In response, the City of Memphis admitted that it "did not hold the hearing on Petitioner's request for line of duty disability benefits in conformity with the contested case procedures of Tennessee's Uniform Administrative Procedures Act." However, the City claimed that it was exempt from the contested case procedures pursuant to subsection (a)(2) of Tennessee Code Annotated section 27-9-114, set forth in context below:

> (a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.
> (2) The provisions of subdivision (a)(1) pertaining to hearings by

---

[1] The City admits that its Pension Board is a "civil service board" within the meaning of the statute.

2

civil service boards shall not apply to municipal utilities boards or *civil service boards of counties organized under a home rule charter form of government*.

(Emphasis added.) The City asserted that the Tennessee Court of Appeals had previously found this exemption applicable to the civil service boards of the City of Memphis in *Morris v. City of Memphis Civil Service Commission*, No. W2009-00372-COA-R3-CV, 2009 WL 4547688, at *3-5 (Tenn. Ct. App. Dec. 7, 2009), *Burkhart v. City of Clarksville*, No. M2010-00050-COA-R3-CV, 2011 WL 1233562, at *3 (Tenn. Ct. App. Apr. 1, 2011), and *Redmon v. City of Memphis*, No. W2009-01520-COA-R3-CV, 2010 WL 596385, at *2 (Tenn. Ct. App. Feb. 19, 2010).

In response to these arguments, Marino argued that the statutory exemption in section 27-9-114(a)(2), by its terms, only applies to "civil service boards of *counties* organized under a home rule charter form of government," (emphasis added) so the City of Memphis, as a city, does not qualify. Marino also cited *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2006), in which the supreme court held that a different board of the City of Memphis, its "On the Job Injury Appeals Panel," is subject to the contested case procedures of the UAPA. Finally, Marino submitted a "House Consent Calendar" and other documents related to the legislative history of section 27-9-114(a)(2), which stated that the bill would exempt "certain civil service boards from contested case provisions of [the] Uniform Administrative Procedures Act," and, more specifically, "This bill would exclude the civil service boards of Shelby County from the contested case provisions[.]"

After a hearing, on November 26, 2014, the chancery court entered an order granting Marino's motion for partial summary judgment. The chancery court concluded that the home rule exception for "county civil service boards does not apply to the City of Memphis." Accordingly, the chancery court remanded the matter to the Pension Board to "conduct a rehearing of Petitioner Marino's disability claim in conformity with the contested case procedures of Tennessee's UAPA." The City filed a motion for permission to seek an interlocutory appeal, which the trial court granted on February 9, 2015. This Court granted the City's application for an interlocutory appeal on March 17, 2015, designating the issue as "whether, under Section 27-9-114(a) of the Tennessee Code Annotated, the Board of Administration, City of Memphis Retirement System is exempt from the contested case procedures of the Tennessee Uniform Administrative Procedures Act."

3

## II. STANDARD OF REVIEW

Tennessee Code Annotated section 27-9-114(b)(1) provides:

> Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

When reviewing a board's decision pursuant to section 4-5-322:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
>
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h).

An issue of statutory interpretation presents a question of law, which we review *de novo* on appeal, giving no deference to the lower court's decision. *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015) (citing *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012); *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011)).

## III. DISCUSSION

Resolving the issue on appeal requires an examination of *Davis v. Shelby County Sheriff's Department*, 278 S.W.3d 256 (Tenn. 2009). In *Davis*, the Tennessee Supreme Court explained that the UAPA's judicial review provision, Tenn. Code Ann. § 4-5-322(h), applies when reviewing the decision of a civil service board that affected the employment status of a county or city civil service employee *even if* the board did not have to conduct the underlying hearing in conformity with the contested case procedures of the UAPA. *Id.* at 263-64. In reaching that conclusion, the court analyzed the statute that is at issue in this case, Tenn. Code Ann. § 27-9-114, which provides, in relevant part:

> (a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.
>
> (2) The provisions of subdivision (a)(1) pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government.
>
> (b)(1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

The particular board at issue in *Davis* was the Shelby County Civil Service Merit Board. The supreme court explained that "Shelby County is a home rule jurisdiction, and as such, Tennessee Code Annotated Section 27-9-114(a)(2) exempts the Board from the UAPA's contested case hearing procedures." *Id.* at 263. However, the court concluded that this exemption from the UAPA's contested case *hearing procedures* did not change or affect *judicial review* of the Board's decisions under the UAPA pursuant to subsection 27-9-114(b)(1). The court explained, "Unlike subsection 27-9-114(a), where the General Assembly clearly expressed its intent to exclude 'civil service boards of counties organized under a home rule charter form of government' from compliance with the contested case procedures of the UAPA, the same exclusion does not appear in subsection 27-9-114(b)." *Id.* As a result, the court held that the Shelby County Civil Service Merit Board did not have to conduct its hearings in conformity with the contested case procedures under the UAPA, but the Board's decision remained subject to review in accordance with the judicial review standard of the UAPA. *Id.* at 264.

Less than a year later, this Court considered an appeal involving the City of Memphis Civil Service Commission, *Morris v. City of Memphis Civil Service Commission*, No. W2009-00372-COA-R3-CV, 2009 WL 4547688 (Tenn. Ct. App. Dec. 7, 2009). After discussing the supreme court's decision in *Davis* regarding Tennessee Code Annotated section 27-9-114, we stated:

> The provisions of subdivision (a)(1) [regarding contested case procedures] do not apply to civil service boards organized under a home rule charter form of government. Tenn. Code Ann. § 27-9-114(a)(2). The City of Memphis is a home rule jurisdiction. City of Memphis Ordinance No. 1852. As such, the [City of Memphis Civil Service] Commission is exempted from subdivision (a)(1).

*Morris*, 2009 WL 4547688, at *3. Upon further reflection, we conclude that this statement was erroneous. What we failed to note was that the relevant statute, Tenn. Code Ann. § 27-9-114(a)(2), only exempts from the contested case procedures "municipal utilities boards or civil service boards *of counties* organized under a home rule charter form of government." (Emphasis added.) *Davis* involved the *Shelby County* Civil Service Merit Board; *Morris* involved the *City of Memphis* Civil Service Commission. The statute does not broadly exempt "civil service boards organized under a home rule charter form of government," as stated in *Morris*. 2009 WL 4547688, at *3.

In a subsequent case involving the City of Memphis Civil Service Commission, this Court cited *Morris* for the notion that the City of Memphis Civil Service Commission is exempt from section 27-9-114(a)(1)'s requirements for contested case hearings "[b]ecause the City of Memphis is a home rule jurisdiction." *Redmon v. City of Memphis*, No. W2009-01520-COA-R3-CV, 2010 WL 596385, at *2 (Tenn. Ct. App. Feb. 19, 2010). Again, this statement was incorrect. The plain language of Tennessee Code Annotated section 27-9-114(a)(2) only exempts "municipal utilities boards or civil service boards *of counties* organized under a home rule charter form of government." (Emphasis added.) "We presume that the Legislature intended each word in a statute to have a specific purpose and meaning." *Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015) (citing *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 44 (Tenn. 2013)). When the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage. *Id.* The civil service boards of the City of Memphis simply do not fall within the plain language of the statute. *See, e.g.*, *Tidwell v. City of Memphis*, 193 S.W.3d 555, 557 (Tenn. 2006) (holding that the "On the Job Injury Appeals Panel" for the City of Memphis is subject to the contested case

6

procedures set forth in the UAPA).[2]

The City's arguments regarding the irrationality of distinguishing between home rule cities and home rule counties are unavailing. It is not our prerogative to inquire into the motives of the general assembly or to review the wisdom, reasonableness, or desirability of a statute. *Waters v. Farr*, 291 S.W.3d 873, 917-18 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part); *see also Hargrove v. State, Dep't of Safety*, No. M2004-00410-COA-R3-CV, 2005 WL 2240970, at \*2 (Tenn. Ct. App. Sept. 15, 2005) ("It is not for the courts to question the wisdom of legislative enactments.").

We recognize, as recently noted by our supreme court, that "[a]dhering to prior decisions is generally 'the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, --- S.W.3d ---, 2015 WL 6457768, at \*20 (Tenn. Oct. 26, 2015) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)). "Nevertheless, '[o]ur oath is to do justice, not to perpetuate error.'" *Id.* at \*21 (quoting *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 599 (Tenn. 1999)). "We would 'abdicate our own function' were we to refuse to correct unworkable or erroneous court-made rules." *Id.* (quoting *Hanover v. Ruch*, 809 S.W.2d 893, 896 (Tenn. 1991)). We therefore overrule the decisions in *Morris* and *Redmon* to the extent they hold that *any* civil service board under a home rule charter form of government is exempt from the contested case procedures of the UAPA.[3]

---

[2]The parties dispute whether *Tidwell* actually considered the applicability of the home rule language in subsection (a)(2) to the City of Memphis. The supreme court specifically mentioned that section 27-9-114 "exempts certain entities from the scope of the statute" and quoted the language at issue in (a)(2) regarding civil service boards in home rule counties. *Tidwell*, 193 S.W.3d at 562. The court reasoned that this exemption "indicates that the legislature intended for all administrative bodies functioning in an adjudicative capacity not specifically exempted to be included within the statute's reach." *Id.* However, the pivotal issue under discussion in *Tidwell* was whether the City's on the job injury panel qualified as a civil service board within the meaning of the statute. The court concluded that it did and directed the City to hold its hearings in conformity with the contested case requirements of the UAPA. *Id.* at 564. Although the court did not expressly state that the City did not qualify for the exemption in (a)(2) regarding home rule counties, the court clearly acknowledged the existence of the exemption and then held that the City's civil service board must comply with the contested case procedures.

In any event, with or without the holding in *Tidwell*, we reach the same conclusion. The language of the statute is plain and unmistakable – it exempts civil service boards of *counties* organized under a home rule charter, not cities.

[3]The City also claims that its position is supported by a third case, *Burkhart v. City of Clarksville*, No. M2010-00050-COA-R3-CV, 2011 WL 1233562, at \*3 n.5 (Tenn. Ct. App. Apr. 1, 2011), which involved review of a decision of a hearing committee for the City of Clarksville. In that case, the Middle Section

On appeal, the City raises an additional argument not presented to the trial court below. The City now claims that its Pension Board is not subject to the requirements for contested case hearings, regardless of the home rule issue, because its Pension Board "does not hear contested cases." "A contested case is defined by the UAPA as 'a proceeding . . . in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency *after an opportunity for a hearing*.'" *Tidwell*, 193 S.W.3d at 558 (quoting Tenn. Code Ann. § 4-5-102(3)) (emphasis added). The City argues on appeal that the Pension Board's process for considering applications for pension benefits "is actually just a meeting" of the Pension Board rather than a hearing. The City suggests that its formal meetings "perhaps led Mr. Marino to believe that these were hearings," but in reality they were not.

We decline to consider the merits of the City's argument at this juncture. The City failed to raise this argument in response to Marino's motion for partial summary judgment regarding the applicability of the contested case procedures. In fact, in the City's brief in response to the motion for partial summary judgment, the City argued that its Pension Board's "*contested case procedures*" are exempt from UAPA requirements because of the home rule language in the statute. (Emphasis added.) It admitted for purposes of summary judgment that it "did not hold *the hearing* on Petitioner's request for line of duty disability benefits in conformity with the contested case procedures of [the UAPA]." (Emphasis added.) The trial court held that the Pension Board's "contested case procedures must be conducted in conformity with the UAPA." In the City's filings seeking permission for an interlocutory appeal, it represented to the trial court and again to this Court that its Pension Board "held a hearing" before it denied Marino's request for line of duty disability benefits. The City explained, "The Board held a hearing, at the end of which it denied Mr. Marino's application for line-of-duty disability benefits[.]" The City never argued in the trial court or in its application for an interlocutory appeal that its Pension Board does not hold hearings or hear contested cases, and therefore, the contested case requirements would not apply. Consequently, we decline to address the issue on appeal. *See Correll v. E.I. DuPont de Nemours & Co.*, 207 S.W.3d 751, 757 (Tenn. 2006) (quoting *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991)) ("'[I]ssues not raised in the trial court cannot be raised for the first time on appeal.'"); *In re Bridgestone/Firestone*, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008) ("we are limited on appeal to the questions certified by the trial court in

of this Court cited *Davis* in a footnote and parenthetically noted the case as holding that the judicial review provision of Tennessee Code Annotated section 27-9-114(b)(1) "governed the review of the *Memphis* Civil Service Merit Board even though the board was exempt from the UAPA's contested case hearing procedures." (Emphasis added.) Obviously, this was a misstatement because *Davis* involved the *Shelby County* Civil Service Merit Board. The comparable civil service board for the City of Memphis is the City of Memphis Civil Service Commission, not the "Memphis Civil Service Merit Board." Accordingly, *Burkhart* does not support the City's position in this case.

its order granting permission to seek an interlocutory appeal and in this Court's order granting the appeal").

## IV. Conclusion

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, City of Memphis, and its surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE