# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 1, 2020

## LESLEY MURRELL ET AL. v. BOARD OF ADMINISTRATION CITY OF MEMPHIS PENSION AND RETIREMENT SYSTEM ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-19-0394    JoeDae L. Jenkins, Chancellor

_____

### No. W2020-00187-COA-R3-CV

_____

Police officers filed a petition for writ of certiorari seeking judicial review of a municipal board's decision to approve a monthly amount of pension benefits for each officer. The petitioners alleged that the municipal board erred in calculating their benefits and in failing to provide them with a hearing in compliance with the contested case procedures in the Uniform Administrative Procedures Act. Upon the city's motion, the trial court dismissed the petition as improperly filed and remanded the matter to the municipal board for a written determination after a hearing. Because the trial court erred in dismissing the petition, we vacate that portion of the judgment. In all other respects, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Vacated in Part; and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II J., joined.

David M. Sullivan, Memphis, Tennessee, for the appellants, Robbin Campbell, Chorcie Jones, Lesley Murrell, and Vernon Van Buren.

Jennifer Sink, Chief Legal Officer/City Attorney, Freeman B. Foster, Senior Assistant City Attorney, Barbaralette G. Davis, Senior Assistant City Attorney, and Sharon Lee Petty, Senior Assistant City Attorney, for the appellees, City of Memphis and Board of Administration City of Memphis Pension and Retirement System.

# OPINION

## I.

### A.

Robbin Campbell, Chorcie Jones, Lesley Murrell, and Vernon Van Buren were police officers in Memphis, Tennessee. All four officers participated in the City's Pension and Retirement System. In December 2018, Officer Van Buren notified the Board of Administration (the "Pension Board") of his intent to retire, effective January 15, 2019. The other three officers applied to participate in the deferred retirement option plan, or DROP program, also effective January 15, 2019.

The City provided the officers with estimates of their expected monthly pension benefits upon retirement. Believing that the estimates were incorrect, Officers Jones and Van Buren contacted Regina Lucas, the Pension Board secretary. Both officers asked to address the Pension Board at its upcoming meeting. Ms. Lucas responded that the Pension Board meeting was "not the venue" to resolve their issue.

At its January 31, 2019 meeting, the Pension Board approved Officer Van Buren's service retirement and the other officers' enrollment in the DROP program. Without discussion, the Board also approved payment of each officer's pension benefits as previously estimated. The disgruntled officers notified Ms. Lucas and others of their desire to appeal the decision. And they asked for information on the appeal process. At least two of the officers also requested a blank appeal form. The officers received no response. And, on February 28, 2019, the Board's decision became final.

### B.

The four officers filed a timely, verified petition for writ of certiorari in Shelby County Chancery Court. According to the petition, the Pension Board erroneously calculated the amount of the officers' pension benefits. The Board also failed to provide them with a contested case hearing in accordance with the Uniform Administrative Procedures Act ("UAPA") either before or after rendering its decision. *See* Tenn. Code Ann. §§ 4-5-301 to -325 (2015 & Supp. 2020).

The petitioners requested a judgment on the common law writ of certiorari and, as damages, an award of the correct amount of pension benefits, as determined by the trial court. *See* Tenn. Code Ann. § 27-8-117 (2017). In the alternative, they asked the court to vacate the Pension Board's decision and remand the matter for a recalculation of pension benefits after a UAPA-compliant contested case hearing. In either event, the petitioners sought an award of costs and attorney's fees.

The City moved to dismiss the petition on two grounds. First, the City maintained that a petition for writ of certiorari was "not the proper vehicle to obtain review of Pension Board decisions." The UAPA governed judicial review. Second, the City had established an administrative appeal procedure for Pension Board decisions. But the petitioners never filed the form to initiate an appeal. Although exhaustion of administrative remedies was not mandatory, "it [wa]s the most practical way to proceed." The City asked the court to dismiss the petition or, alternatively, transfer the matter to the administrative law judge for decision.

The petitioners pointed out that the administrative record belied the City's claim that they had failed to avail themselves of an available administrative remedy. In reply, the City submitted an affidavit from Ms. Lucas. Ms. Lucas served as both secretary of the Pension Board and the City's benefits manager. She explained that a dissatisfied retiree could appeal a Pension Board decision by filing a one-page form available in the Benefits Office. Appeals were referred to the City's administrative law judge, who followed the contested case procedures in the UAPA. She acknowledged receipt of one petitioner's request for the necessary form. Unfortunately, the request "fell through the cracks."

The trial court ruled that the UAPA, not the common law writ of certiorari, governed judicial review of the Pension Board's decision. So the court dismissed the "improper" petition. Because the record reflected that the City had established an administrative appeal procedure, the court also remanded the case to the Pension Board for a written determination of its decision after a contested case hearing. Costs were assessed to the petitioners. The petitioners filed a timely notice of appeal.

## II.

### A.

The City contends that we lack subject matter jurisdiction to hear this appeal because the trial court's dismissal order was not a final judgment. Under Tennessee Rule of Appellate Procedure 3(a), an appeal "as of right" only lies from a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). Generally, a final judgment is a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

We find the City's suggestion that the judgment lacked finality because the court did not address the merits of the claims or specifically deny the requested relief unavailing. The grant of a motion to dismiss is a final judgment. *Boyd v. Bruce*, No. M2000-03211-COA-R3-CV, 2001 WL 1346264, at *5 (Tenn. Ct. App. Nov. 2, 2001); *see also United Steelworkers of Am. v. Tenn. Air Pollution Control Bd.*, 3 S.W.3d 468, 471-72 (Tenn. Ct App. 1998) (reviewing a trial court's dismissal of a petition for judicial review). The judgment dismissed the petition in its entirety. No further chancery court action was

necessary. And the court's remand to the Pension Board for a hearing did not make the dismissal any less final. *See City of Memphis v. Lesley*, No. W2012-01962-COA-R3-CV, 2013 WL 5532732, at \*9 (Tenn. Ct. App. Oct. 7, 2013) (rejecting similar argument).

B.

The dispositive issue on appeal is whether the trial court erred in granting the motion to dismiss. The City sought dismissal on discretionary grounds. *See Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 839 (Tenn. 2008); *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). Our review of discretionary decisions is limited. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009). But the abuse of discretion standard of review, while less rigorous, does not preclude appellate scrutiny. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). We will reverse trial court decisions that "cause[] an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (citation omitted). In reviewing discretionary decisions, we consider "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc.*, 312 S.W.3d at 524.

Without question, the petition was filed on the wrong basis. Under prior law, the common law writ was the proper method of review for Pension Board decisions. *See Tidwell v. City of Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006) (discussing prior version of Tenn. Code Ann. § 27-9-114). But effective January 1, 1989, the UAPA became the governing standard. *See id.*; *see also* Tenn. Code Ann. § 27-9-114(b)(1) (2017); *Marino v. Bd. of Admin. City of Memphis Ret. Sys.*, W2015-00283-COA-R9-CV, 2015 WL 7169796, at \*5 (Tenn. Ct. App. Nov. 16, 2015) (holding that the UAPA governed Pension Board decisions).

Even so, dismissal was not mandatory. The trial court had discretion to treat the "improper" petition as a petition for judicial review under the UAPA. *See Fallin v. Knox Cty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983) (explaining that "rather than dismiss the action" a trial court may treat the petition as if it were filed on the proper basis). The title of a pleading is not binding on the court. *Norton*, 895 S.W.2d at 319; *Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 16 (Tenn. Ct. App. 2019). Our courts give effect to the substance of a pleading. *See Tolliver*, 579 S.W.3d at 16; *Cooper v. City of Memphis Civil Serv. Comm'n*, W2018-01112-COA-R3-CV, 2019 WL 3774086, at \*2 & n.2 (Tenn. Ct. App. Aug. 12, 2019) (treating petition styled as a "Petition for Writ of Certiorari" as a petition for judicial review under the UAPA).

In substance, the petition sought judicial review of the Pension Board's decision. The petitioners chose the wrong review mechanism. But there is clear precedent for disregarding this mistake. *See Fallin*, 656 S.W.2d at 342. And here, dismissal was a particularly troubling choice in light of the petitioners' claim that they were denied the opportunity to contest the Board's decision. Dismissal creates an injustice when it eliminates a petitioner's only opportunity to be heard. *See Lynch v. City of Jellico*, 205 S.W.3d 384, 391 (Tenn. 2006) ("The most basic principle underpinning procedural due process is that individuals be given an opportunity to have their legal claims heard at a meaningful time and in a meaningful manner.").

Our supreme court's decision in *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2006), compels a different outcome. In *Tidwell*, a group of employees, dissatisfied with the benefit decision of a municipal board, sought judicial review under the common law and statutory writs of certiorari. 193 S.W.3d. at 558. The trial court determined that the UAPA was the proper method of judicial review. *Id.* And the hearing provided by the municipal board did not comply with the contested case procedures in the UAPA. *Id.* So the trial court reversed the municipal board's decision and ordered the City to grant the requested benefits. *Id.*

We reversed. *Id.* Upon further appeal, the supreme court partially reinstated the trial court's judgment. *Id.* at 563-64. The court affirmed the trial court's holding that the UAPA applied to the municipal board's decision. *Id.* And the court agreed that the procedures at the administrative level had not complied with the UAPA. *Id.* at 564. Turning to the trial court's remedy, however, the court disapproved of the trial court's decision to award benefits to each employee. *Id.* According to the supreme court, the appropriate remedy was remand with an "order directing the City to comply with the UAPA in each case." *Id.*

Here, we are faced with a similar situation. The UAPA is the governing standard. *See Marino*, 2015 WL 7169796, at *5. It is undisputed that the Pension Board was required to provide a UAPA-compliant contested case hearing. And these petitioners were not afforded one. Although the City blames the petitioners for this, they clearly sought to contest the Board's decision at the administrative level. The fact that their appeal requests "fell through the cracks" does not absolve the City from responsibility. Exhaustion of administrative remedies was not mandatory here. *See Colonial Pipeline Co.*, 263 S.W.3d at 839. These circumstances do not merit dismissal of the petition.[1] Rather, the proper

---

[1] Remand with an order to comply with the UAPA serves the purposes of the exhaustion doctrine without unduly prejudicing the petitioners' rights. *See Colonial Pipeline Co.*, 263 S.W.3d at 838-39 (explaining how the exhaustion doctrine "promotes judicial efficiency and protects administrative authority"). Upon remand, the Pension Board will have the opportunity to correct its own errors. *See id.* at 838. And a "more complete administrative record" will be available for any subsequent judicial review. *See id.* at 839.

remedy was to remand the matter to the Pension Board with "an appropriate order directing the City to comply with the UAPA in each case." *Tidwell*, 193 S.W.3d at 564.[2]

We affirm the trial court's conclusion that the UAPA governs these proceedings. We also affirm the trial court's remand to the Pension Board to provide a UAPA-compliant contested case hearing to each petitioner. But we conclude that the trial court erred in granting the motion to dismiss and taxing costs to the petitioners. So we vacate that portion of the court's judgment and remand with instructions to vacate the Pension Board's decision and remand with an appropriate order directing the City to comply with the UAPA.

C.

Finally, the petitioners request an award of attorney's fees at the trial level and on appeal pursuant to 42 U.S.C. § 1988 (2018). Section 1988 authorizes a state court to award reasonable attorney's fees to the prevailing party in a federal civil rights action. *Bloomingdale's By Mail Ltd. v. Huddleston*, 848 S.W.2d 52, 56 (Tenn. 1992); *see also Wimley v. Rudolph*, 931 S.W.2d 513, 517 (Tenn. 1996) (allowing a claim for attorney's fees under Section 1988 to be coupled with a petition for judicial review). The party seeking fees on this basis is not required to "specifically plead or rely on" federal civil rights laws. *Bloomingdale's By Mail Ltd.*, 848 S.W.2d at 56. It is the substance of the petition that matters, not its form. *See Hardcastle v. Harris*, 170 S.W.3d 67, 91 n.31 (Tenn. Ct. App. 2004).

At least in part, the petitioners sought to remedy a procedural due process violation. According to the verified petition, the Pension Board deprived the petitioners of a vested property interest "without notice and an opportunity for them to be heard." "The protections of procedural due process apply to administrative proceedings." *Martin v. Sizemore*, 78 S.W.3d 249, 263 (Tenn. Ct. Ap. 2001). While due process is a flexible concept, notice and an opportunity to be heard "at a meaningful time and in a meaningful manner" are fundamental requirements. *See Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976).

Section 1988 leaves the decision of whether to award fees to the trial court's discretion. *Bloomingdale's By Mail Ltd.*, 848 S.W.2d at 56. Still, the trial court should

---

[2] While we agree with the petitioners that dismissal was inappropriate here, we find their suggested remedies equally unsuitable. We decline to order the trial court to hold a hearing on the legality of the City's administrative appeal process. The petition focused on the lack of process afforded to the petitioners. Their complaints about the legality of the administrative process must await another day. And, following the supreme court's clear instruction in *Tidwell*, we also decline to order the trial court to determine the proper amount of benefits. *See Tidwell*, 193 S.W.3d at 564. That determination is best left to the Pension Board.

award fees to the prevailing party "unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted).

Attorney's fees may only be awarded to a prevailing party. *Id.* at 433. A prevailing plaintiff must first "prove a violation of . . . constitutional rights." *Heyne v. Metro. Nashville Bd. of Pub. Educ.*, 380 S.W.3d 715, 740 (Tenn. 2012). The trial court did not explicitly state that the petitioners' constitutional rights had been violated. But the City admitted that the petitioners were not provided with a contested case hearing. We conclude that the petitioners demonstrated a violation of their constitutional rights. *See Qualls v. Camp*, No. M2005-02822-COA-R3-CV, 2007 WL 2198334, at *4-6 (Tenn. Ct. App. July 23, 2007) (reasoning that claimant had established a deprivation of his constitutional rights when the trial court remanded the matter to agency to issue a decision in compliance with the UAPA).

A prevailing plaintiff must also "obtain at least some [judicially-sanctioned] relief on the merits." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The relief awarded must "materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12. Dismissal of the plaintiffs' claims can hardly be characterized as success on the merits. But the trial court did remand the matter with orders for the City to hold a UAPA hearing within 90 days, relief which directly benefited the petitioners and materially altered the parties' legal relationship. On appeal, the petitioners obtained more favorable relief. We vacated the dismissal of the petition and ordered the trial court to vacate the Pension Board's decision. So while the petitioners were not successful in obtaining recalculation of their pension benefits, they succeeded in enforcing their constitutional right to procedural due process. *See Fox v. Vice*, 563 U.S. 826, 834 (2011) (explaining that "the presence of . . . unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights").

We conclude that the petitioners qualify as prevailing parties within the meaning of Section 1988. They are entitled to an award of reasonable attorney's fees incurred at trial and on appeal related to their constitutional claim. *See Hanrahan v. Hampton*, 446 U.S. 754, 756 (1980) (recognizing that an appellate court may award fees to a party that prevails on appeal); *Hensley*, 461 U.S. at 434-35 (emphasizing that no fees may be awarded for services on an unrelated claim). On remand, the trial court must determine a reasonable amount of fees. *See Smith v. Detroit Bd. of Educ.*, 728 F.2d 359, 359 (6th Cir. 1984) (concluding that the trial court is the proper forum to address an application for attorney's fees under Section 1988); *see also Hensley*, 461 U.S. at 434-35 (discussing the factors to consider when awarding a reasonable fee under Section 1988).

## III.

The trial court erred in dismissing the petition for judicial review solely because it relied on the wrong mechanism for judicial review. So we vacate the trial court's dismissal order and the assessment of costs against the petitioners. We affirm the judgment in all other respects. We remand this matter to the trial court for a determination of reasonable attorney's fees under 42 U.S.C. § 1988 and for any further proceedings, consistent with this decision, that may be necessary.

_____

W. NEAL MCBRAYER, JUDGE