IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 3, 2022

## CASEY PHILLIPS v. CHATTANOOGA FIRE AND POLICE PENSION FUND

**Appeal from the Chancery Court for Hamilton County**
**No. 210682  Jeffrey M. Atherton, Chancellor**

_____

**No. E2022-00296-COA-R3-CV**

_____

Appellant filed for disability benefits with the Appellee, Chattanooga Fire and Police Pension Fund ("CFPPF"). The CFPPF board denied Appellant's application by letter dated October 27, 2020. On June 28, 2021, Appellant filed a request for rehearing with the board; the board denied rehearing by letter dated August 19, 2021. On September 10, 2021, Appellant filed a petition for writ of certiorari seeking review in the trial court, and the CFPPF moved to dismiss under Tennessee Rule of Civil Procedure 12.02. The trial court held that the Uniform Administrative Procedures Act ("UAPA") applied and further held that the board's October 27, 2020 was not compliant with the UAPA requirements for final orders. Nonetheless, the trial court held that the October 27, 2020 letter was a final order so as to trigger the sixty-day time for filing for review in the trial court and dismissed Appellant's petition with prejudice. Because the October 27, 2020 order was not UAPA-compliant, it did not constitute a final order so as to trigger the running of the sixty-day statute of limitations. As such, the trial court erred in dismissing Appellant's petition with prejudice. Reversed and remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Hudson T. Ellis, Chattanooga, Tennessee, for the appellant, Casey Phillips.

William E. Robinson, Cameron Hill, and Ashley B. Gibson, Chattanooga, Tennessee, for the appellee, Chattanooga Fire and Police Pension Fund.

# OPINION

## I. Background

The relevant facts are not disputed and are taken from Appellant Casey Phillips' petition for writ of certiorari. Appellee CFPPF was established for the benefit of firefighters and police officers who work for the City of Chattanooga. The CFPPF is a defined-benefit plan and provides members of the Chattanooga Police and Fire Department with certain retirement, disability, and death benefits. These benefits include coverage for job-related disability when a member is "unable to perform his/her duties as a Firefighter or Police Officer due to an injury or illness that is the result of the performance of sworn duties." The CFPPF is administered and governed by a Board of Directors (the "Board"), consisting of three active members of the Chattanooga Police Department, a member appointed by the Mayor of Chattanooga, and a member appointed by the Chattanooga City Council.

Mr. Phillips worked as a Chattanooga firefighter for approximately twenty years. During his tenure, and as enumerated in detail in his petition, Mr. Phillips witnessed many "horror inducing events." As a result of "his prolonged exposure to tragedy and trauma at work, he [allegedly] developed permanent and chronic PTSD." On January 31, 2020, Mr. Phillips submitted an application for job-related disability benefits to the CFPPF. The Board held a hearing on October 20, 2020; Mr. Phillips attended the hearing and presented evidence to support his claim. By letter of October 27, 2020, which is set out below, the Board denied Mr. Phillips' application.

Approximately eight months after the Board denied his claim, on June 28, 2021, Mr. Phillips requested that the Board reconsider its decision based on alleged new evidence. By letter of August 19, 2021, which is set out below, the Board denied Mr. Phillips' request for rehearing.

On September 10, 2021, Mr. Phillips filed a petition for writ of certiorari in the Chancery Court for Hamilton County (the "trial court"). Mr. Phillips' petition was brought under Tennessee Code Annotated section 27-8-101 ("The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."), and Tennessee Code Annotated section 27-9-101 ("Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.").

On October 15, 2021, CFPPF moved to dismiss the petition under Tennessee Rule of Civil Procedure 12.02 for lack of subject matter jurisdiction. Specifically, CFPPF

argued that Mr. Phillips' petition was filed outside the sixty-day time limit for filing petitions for writs of certiorari. Tenn. Code Ann. § 27-9-102 ("Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court . . . ."). CFPPF's motion was premised on its position that the Board's October 27, 2020 letter constituted a final order, which began the running of the sixty-day time limit. Thus, CFPPF argued that Mr. Phillips' September 10, 2021 petition was untimely. Mr. Phillips opposed the motion to dismiss, arguing, *inter alia*, that the Board's August 19, 2021 letter constituted its final order so as to render his September 10, 2021 petition timely.

Following a hearing, the trial court granted CFPPF's motion to dismiss by order of December 22, 2021. The trial court's order incorporates, by reference, a portion of the transcript outlining the reasons for its ruling. In pertinent part, the transcript provides:

> This Court finds that that Exhibit C that was presented attached to the motion to dismiss [i.e., the Board's] October the 27th, 2020 [letter], represents a final order of this [B]oard.
>
> ***
>
> The Court is satisfied that the Uniform Administrative Procedures Act does, in fact, apply to those proceedings before this [B]oard.
> The Court is quite satisfied that in terms of the language contained in the October 27th, 2020 order[, it] is clearly, facially, and statutorily deficient[, which] appear[s] to render that order [] noncompliant, if not defective. However, the Court also considers the provisions[, and] I start with 27-9-114. . . . [a]nd specifically under (b)(1), it sends me over to T.C.A. 4-5-322, which then sends me over to 4-5-322(b)(1)(A)(i)(iv), petitions seeking judicial review shall be filed within 60 days after the entry of the agency's final order thereon. This Court considers that particular time provision to be jurisdictional in nature. So this Court reluctantly grants the motion to dismiss.

On January 18, 2022, Mr. Phillips filed a motion to alter or amend the judgment, which the trial court denied by order of February 24, 2022. Mr. Phillips appeals.

## II. Issues

Mr. Phillips raises the following issues for review as stated in his brief:

1. The Trial Court erred in failing to remedy the appellee's violation of the administrative procedure act
2. In the alternative, the Trial Court erred in finding Appellee's procedures do not provide an appeal right.

### III. Standard of Review

The trial court dismissed Mr. Phillips' petition for lack of subject matter jurisdiction. The Tennessee Supreme Court has explained the standard of review applicable to such motions:

> A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 3:2 (2011 ed.) . . . .
>
> Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g.*, *Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. Thus, when a defendant asserts a facial challenge to a court's subject matter jurisdiction, the factual allegations in the plaintiff's complaint are presumed to be true. *See, e.g.*, *Staats v. McKinnon*, 206 S.W.3d at 542-43.
>
> Alternatively, "[a] factual challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Staats v. McKinnon*, 206 S.W.3d at 543. Thus, the factual challenge "attacks the facts serving as the basis for jurisdiction." *Schutte v. Johnson*, 337 S.W.3d at 770.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012) (footnotes omitted). As noted above, in its motion to dismiss, CFPPF does not challenge the facts set out in Mr. Phillips' petition; rather, it asserts that the petition was not filed within sixty days of entry of the Board's final decision, as required by Tenn. Code Ann. § 27-9-102. As such, we consider this a facial challenge to the trial court's subject matter jurisdiction, and the determination of whether the trial court had subject matter jurisdiction is a question of law, which we review de novo, with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

### IV. Analysis

In its October 27, 2020 letter denying Mr. Phillips' application for disability

benefits, the Board stated:

> The Chattanooga Fire and Police Pension Board held a disability application review hearing on October 27, 2020, regarding the application of Firefighter Senior Casey Phillips for a Job-related disability. During the application process, all medical records, information provided by the applicant, information gathered by the Pension Board, the application, and other related documents and information were reviewed and considered by sworn board members . . . . Per the Disability Benefit Policy, the Board also opted to hold a transcribed hearing at which time Firefighter Senior Casey Phillips was given the opportunity to testify and offer comments in support of his application.
>
> For the reasons which follow, having considered the pension legislation, the pension policies and procedures, all medical records, information provided by the applicant, information gathered by the Pension Board, the application, and other related documents and information, having heard the testimony of Firefighter Senior Casey Phillips, and having reasonably considered the merits, opinions, and credibility of all such documents, information, and testimony, the application for Firefighter Senior Casey Phillips is DENIED.
>
> The effective date of the decision regarding disability shall be October 27, 2020.

At Tennessee Code Annotated section 4-5-314(c), the Uniform Administrative Procedures Act ("UAPA") provides:

> (c) A final order, initial order or decision under § 50-7-304 shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed and, if applicable, the action taken on a petition for stay of effectiveness. Findings of fact, if set forth in language that is no more than mere repetition or paraphrase of the relevant provision of law, shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings. The final order, initial order or decision must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order. An initial order or decision shall include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order.

At the hearing on the motion to dismiss, Appellee's attorney conceded that the Board's October 27, 2020 ruling did not comply with the foregoing statute:

THE COURT: All right. So we'll back up a second. I'm assuming that since this document that was attached to the motion specifically as Exhibit C [i.e., the October 27, 2020 ruling] represents the entirety of the order from the board, I'm assuming we'll agree that there are certain things that are discussed in 4-5-314(c) that do not exist in the order hand delivered to the plaintiff on October the 27th, 2020. Can we agree on that?

MS. GIBSON [Attorney for Appellee]: Your Honor, we would agree, but I think this brings us back to the question as to whether all of the provisions of UAPA apply.

Appellee's counsel later clarified that the Board's ruling "did not provide a deadline, [or] timing information." Furthermore, in the transcript of its ruling, *supra*, the trial court held that the October 27, 2020 letter was "facially, and statutorily deficient," which "appear[s] to render that order [] noncompliant, if not defective." Nonetheless, CFPPF maintained that not all of the UAPA provisions were applicable to the Board's order because Appellant sought review by writ of certiorari. Tenn. Code Ann. §§ 27-8-101, *et seq.* As such, CFPPF argued that the Board's failure to include all of the section 4-5-314(c) requirements in its October 27, 2021 letter did not bear on the finality of the Board's ruling. Mr. Phillips, however, maintained that the October 27, 2020 was not a final order under the UAPA so as to trigger the sixty-day time limit under Tennessee Code Annotated section 27-9-102. Rather, he argued that the Tennessee Code Annotated section 27-9-102, sixty-day time limit ran from August 10, 2021, the date of the Board's denial of his petition for rehearing. Thus, Mr. Phillips contends that his September 10, 2021 petition for writ of certiorari was timely. For the reasons discussed below, neither party's argument is correct.

From our review of the record and the parties' respective briefs, it appears that there is some confusion as to whether Mr. Phillips' appeal to the trial court arose under a common law writ of certiorari, or under the UAPA. Although, in the transcript of its ruling, *supra*, the trial court stated that it was "satisfied that the Uniform Administrative Procedures Act does, in fact, apply to those proceedings before this [B]oard," it did not address how or whether this finding bears on the fact that Mr. Phillips was proceeding under a petition for writ of certiorari. Accordingly, we first address whether the UAPA is applicable to Mr. Phillips' case.

Tennessee Code 27-9-114 provides, in relevant part:

(a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.

***

- 6 -

(b)(1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

In *Tidwell v. City of Memphis*, 193 S.W.3d 555 (Tenn. 2016), the Tennessee Supreme Court explained:

[Tennessee Code Annotated] section 27-9-114 originally provided that the common law writ of certiorari was the appropriate method of judicial review of administrative determinations affecting the employment status of municipal employees. *See Huddleston v. City of Murfreesboro*, 635 S.W.2d 694, 695-96 (Tenn. 1982) (holding that section 27-9-114 is the "exclusive remedy for judicial review of administrative determinations respecting the employment status of such employees"). Effective January 1, 1989, however, the legislature amended section 27-9-114 by deleting the provision requiring review by common law certiorari and replacing it with the current provision providing for judicial review under the UAPA. See Tenn. Code Ann. § 27-9-114(b)(1). The amendment also mandated that the contested case procedures of the UAPA be applied to those cases falling within the scope of section 27-9-114(a)(1). *Id*.

In order for section 27-9-114(a)(1) to apply, there must (1) be a proceeding before a "civil service board" and (2) a decision that affects the "employment status" of a civil service employee. In the absence of either of these two prerequisites, the provisions of section 27-9-114 do not apply. If section 27-9-114 does not apply, then review is under the common law writ of certiorari, which limits the review to whether the administrative agency has exceeded its authority or has acted illegally, arbitrarily, or fraudulently. *See McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn.1990).

On the other hand, if section 27-9-114 does apply, the UAPA governs. Under the UAPA, an administrative agency's decision may be reversed if the court determines that the decision was, among other things, "made upon unlawful procedure." See Tenn. Code Ann. § 4-5-322(h)(3) (2005).

*Tidwell*, 193 S.W.3d at 559-560 (holding that the "On the Job Injury Appeals Panel" for the City of Memphis is subject to the contested case procedures set forth in the UAPA). The *Tidwell* Court went on to explain that "[a]fter the 1988 amendment, the courts continued to apply section 27-9-114 to the decisions of municipal entities that, while not called civil service boards, effectively sat as civil service boards by making decisions that affected a worker's employment status." *Id.* at 561 (citing, *inter alia, Bullard v. City of Chattanooga Firemen's & Policemen Ins. & Pension Fund*, No. 03A01-9705-CH-00193, 1998 WL 90834 (Tenn. Ct. App. Mar. 3, 1998) (applying the UAPA to the denial of pension benefits by a pension fund board)). Concerning what constitutes a "decision that

- 7 -

affects the 'employment status' of a civil service employee" for purposes of applicability of section 27-9-114(a)(1), the *Tidwell* Court reasoned that:

> Like the phrase "civil service board," the phrase "employment status" is not defined in section 27-9-114. In addition, unlike the phrase "civil service board," there are no other statutes that offer insight into the meaning of employment status. However, at the time of the amendment to section 27-9-114, there was a judicial definition of employment status for purposes of section 27-9-114. Under the case law existing at the time of the statute's revision, employment status encompassed the "entire legal relation of the employee to the employer." *Love v. Ret. Sys. of the City of Memphis*, 1987 WL 17246 at *1 (Tenn. Ct. App. Sept.21, 1987).

*Tidwell*, 193 S.W.3d at 563. "The court in *Love* stated that 'we are of the opinion that [section 27-9-114] is not limited to [employee discharges and suspensions]. The term 'employment status' encompasses the entire legal relation of the employee to the employer. An employee's eligibility for retirement benefits is an important aspect of that relation." *Id.* at fn. 9 (citing *Love*, 1987 WL 17246 at *1).

Relying on *Tidwell*, this Court has held that the UAPA governs pension board decisions:

> Under prior law, the common law writ was the proper method of review for Pension Board decisions. *See Tidwell v. City of Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006) (discussing prior version of Tenn. Code Ann. § 27-9-114). But effective January 1, 1989, the UAPA became the governing standard. *See id.*; *see also* Tenn. Code Ann. § 27-9-114(b)(1) (2017); *Marino v. Bd. of Admin. City of Memphis Ret. Sys.*, W2015-00283-COA-R9-CV, 2015 WL 7169796, at *5 (Tenn. Ct. App. Nov. 16, 2015) (holding that the UAPA governed Pension Board decisions).

*Murell v. Board of Administration City of Memphis Pension and Retirement System*, No. W2020-00187-COA-R3-CV, 2021 WL 1233500, at *3 (Tenn. Ct. App. March 21, 2021).

In *Montgomery v. Metropolitan Gov't of Nashville and Davidson County*, No. M2005-02824-COA-R3-CV, 2007 WL 3072774 (Tenn. Ct. App. Oct. 22, 2007), this Court clarified that:

> It is important to recognize that the conclusion that the Administrative Procedures Act applies to [appellant's] application for disability benefits affects not only the standard of review to be applied in the trial court and this court, **it also changes the fundamental nature of the proceedings before the Board**.

*Montgomery*, 2007 WL 3072774, at *4 (emphasis added). In other words, if the UAPA applies, it applies at all stages of the proceedings from the board through the appellate process. *Tidwell*, 193 S.W.3d at 559 ("The [1989] amendment also mandated that the contested case procedures of the UAPA be applied to those cases falling within the scope of section 27-9-114(a)(1)"); *see also Murell,* 2021 WL 1233500, at *4 ("The UAPA is the governing standard[, and] [i]t is undisputed that the Pension Board was required to provide a UAPA-compliant contested case hearing."). So, from the foregoing, we hold that the UAPA applies to Appellant's claim for disability benefits, and the Board "was required to provide a UAPA-compliant contested case hearing." *Murell,* 2021 WL 1233500, at *4.

The fact that Appellant erroneously proceeded on a writ of certiorari is not fatal. In *Murrell*, this Court addressed a similar scenario. In that case, police officers filed a petition for writ of certiorari seeking judicial review of a municipal board's decision to approve a monthly amount of pension benefits for each officer. *Murrell*, 2021 WL 1233500, at *1. The trial court ruled that the UAPA, not the common-law writ of certiorari, governed judicial review of the pension board's decision and dismissed the "improper" petition. *Id*. at *2. This Court reversed the trial court's decision, reasoning that:

> Without question, the petition was filed on the wrong basis. . . . Even so, dismissal was not mandatory. The trial court had discretion to treat the "improper" petition as a petition for judicial review under the UAPA. *See Fallin v. Knox Cty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983) (explaining that "rather than dismiss the action" a trial court may treat the petition as if it were filed on the proper basis). The title of a pleading is not binding on the court. *Norton* [*v. Everhart*], 895 S.W.2d [317,] at 319 [(Tenn. 1996)]; *Tolliver v. Tellico Village Property Owners Ass'n*, 579 S.W.3d 8, 16 (Tenn. Ct. App. 2019). Our courts give effect to the substance of a pleading. *See Tolliver*, 579 S.W.3d at 16; *Cooper v. City of Memphis Civil Serv. Comm'n*, W2018-01112-COA-R3-CV, 2019 WL 3774086, at *2 & n.2 (Tenn. Ct. App. Aug. 12, 2019) (treating petition styled as a "Petition for Writ of Certiorari" as a petition for judicial review under the UAPA).
>
> In substance, the petition sought judicial review of the Pension Board's decision. The petitioners chose the wrong review mechanism. But there is clear precedent for disregarding this mistake. *See Fallin*, 656 S.W.2d at 342.

*Murrell*, 2021 WL 1233500, at *3-*4. The *Murrell* Court went on to hold that "the proper remedy was to remand the matter to the Pension Board with 'an appropriate order directing the City to comply with the UAPA . . . .'" *Id*. at *4 (citing *Tidwell*, 193 S.W.3d at 564). Here, however, the trial court was faced with the question of subject matter jurisdiction based on Appellant's alleged failure to file his petition for writ of certiorari within the sixty-day time limit under Tennessee Code Annotated section 27-9-102. Based on the foregoing

analysis, Tennessee Code Annotated section 27-9-102 is not applicable here. However, the UAPA outlines similar procedure. Tennessee Code Annotated section 4-5-322(a)(1) states that "[a] person who is aggrieved **by a final decision** in a contested case is entitled to judicial review under this chapter. . . ." (emphasis added). "Petitions seeking judicial review shall be filed within **sixty (60) days after the entry of the agency's final order** thereon." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) (emphasis added). This, of course, brings us back to the same question that began our analysis, i.e., whether Appellant's sixty-day time period ran from the Board's October 27, 2020 letter denying Mr. Phillips' application for benefits, or from its August 10, 2021 letter denying rehearing. Based on the following analysis, we conclude that neither letter triggered the 60-day time limit.

Turning to the October 27, 2020 letter, CFPPF admitted both that the letter "represents the entirety of the order from the board," and that this ruling failed to comply with the requirements for finality of orders under Tennessee Code Annotated section 4-5-314(c). We agree. As set out in full context above, the October 27, 2020 order fails the requirements of section 4-5-314(c) in several regards. First, as admitted by Appellee's counsel at the hearing, the letter failed to "include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order." Tenn. Code Ann. § 4-5-314(c). However, from our review, the letter also failed to "include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order." *Id.* Furthermore, the Board's letter merely recites the evidence adduced at the hearing, i.e., "all medical records, information provided by the applicant, information gathered by the Pension Board, the application, and other related documents and information were reviewed and considered by sworn board members." The letter goes on to recite that the Board also "considered the pension legislation, the pension policies and procedures" in reaching its decision to deny Mr. Phillips' application. The letter concludes broadly that, "having reasonably considered the merits, opinions, and credibility of all such documents, information, and testimony, the application for Firefighter Senior Casey Phillips is DENIED." What is absent from the letter is the required "concise and explicit statement of the underlying facts of record to support the findings." *Id.* A simple recitation of the documents and information considered, without more, does not constitute findings of fact. The requirements set out at Tennessee Code Annotated section 4-5-314(c) are mandatory, i.e., "shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings"; "must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order"; and "shall include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order." The Tennessee Supreme Court has recognized that when the word "shall" is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary. **Gabel v. Lerma**, 812 S.W.2d 580 (Tenn. 1990); *accord* **Stubbs v. State**, 393 S.W.2d 150 (Tenn. 1965). Here, the Board "was required to provide a UAPA-compliant contested case hearing," **Tidwell**, 193 S.W.3d at 559; **Murrell**, 2021 WL 1233500, at *4

(citation omitted). Because it failed to comply with the mandates of the UAPA concerning entry of final orders, Tenn. Code Ann. § 4-5-314(c), the October 27, 2020 letter does not constitute "a final order" so as to give rise to a right of judicial review under Tennessee Code Annotated 4-5-322(a)(1) ("[a] person who is aggrieved **by a final decision** in a contested case is entitled to judicial review under this chapter. . . "). Because the October 27, 2020 order was not a final order, the sixty-day time period was not triggered under Tennessee Code Annotated section 4-5-322(b)(1)(A)(iv) ("Petitions seeking judicial review shall be filed within **sixty (60) days after the entry of the agency's final order** thereon.").

We further note that the mandatory requirements of Tennessee Code Annotated section 4-5-314(c) apply not only to a board's final order, but also to any initial orders, to-wit:

> [an] initial order or decision must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order. An initial order or decision shall include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order.

Tenn. Code Ann. § 4-5-314(c). Therefore, the October 27, 2020 letter constitutes neither a final order, nor an initial order.

Concerning Mr. Phillips' argument that the Board's August 10, 2021 letter denying rehearing constitutes the final order of the Board, we disagree. The August 10, 2021 letter states:

> The Chattanooga Fire & Police Pension Fund [is] in receipt of your letter dated June 28, 2021 regarding Mr. Phillips. At its regularly scheduled meeting held on August 5, 2021, the Board denied your request for a new hearing, relying on the applicable pension policies and procedures and pension legislation.
> The applicable Member's Guide to Disability Benefits and the Summary Plan Description provide the following:
>
> > If the disability is denied or an alternative type of disability is granted, there is no **appeal** process to the Board unless the Applicant can produce new information that the Board has not considered. If the Applicant produces new information, the Board will review it and decide whether to conduct a new hearing. Any new hearing will be conducted in accordance to this Guide. The Board's decision shall be the final

determination in all disability cases.

The applicable Disability Benefit Policy similarly provides the following:

> If the disability is denied or an alternative type of disability is granted, there is no **appeal** to the Board unless the Applicant can produce new information that the Board has not considered. If the Applicant produces new information, the Board will review it and decide whether to conduct a new hearing. Any new hearing will be conducted in accordance with the terms of this policy.

> Upon the Board's review and discussion of your June 28, 2021 letter, in adherence to the applicable pension policies and procedures and pension legislation, the Board determined that your letter contained no new information and, therefore, the request for a new hearing to be unwarranted. The request was therefore denied.

(Emphases added).

As highlighted above, the parties dispute the word "appeal" as used in the CFPPF policies—Appellant maintains that the language gives rise to a right of appeal, and Appellee maintains that the language merely allows an employee to petition for rehearing. Here, the distinction is not important as the question of whether Mr. Phillips had a right of appeal would go to the question of whether a writ of certiorari would lie. Tenn. Code Ann. § 27-8-102(a)(2) ("Certiorari lies . . . (2) Where no appeal is given . . . ."). Conversely, judicial review under the UAPA requires a final order in a contested case, Tenn. Code Ann. § 4-5-322(a)(1), and (in some cases) exhaustion of administrative remedies. *See, generally, Chattanooga-Hamilton County Hospital Auth. v. UnitedHealthcare Plan of River Valley, Inc.*, 475 S.W.3d 746 (Tenn. 2015).

Turning back to Appellant's petition for "appeal" or "rehearing," which was filed on June 28, 2021, and the Board's subsequent letter of August 10, 2021 denying the petition, we first note that the trial court was troubled by the fact that the internal policies set out above do not specify a time-frame for filing "new evidence" motions. Applying the provisions of the UAPA to resolve this omission in the policy, Tennessee Code Annotated section 4-5-317(a) states that "[a] party, within fifteen (15) days **after entry of an initial or final order**, may file a petition for reconsideration, stating the specific grounds upon which relief is requested" (emphasis added). Although Appellant's "new evidence" motion was filed well outside the fifteen days contemplated in Tennessee Code Annotated section 4-5-317(a), his filing was premature and of no effect due to the fact that, to date, the Board

has not entered a final or an initial order that is compliant with the UAPA. As set out in context above, the Board's August 10, 2021 letter, like its October 27, 2020 letter, fails to comply with the UAPA requirements for entry of final orders. Tenn. Code Ann. § 4-5-314(c). As such, there is no final order from the Board that would trigger either the sixty-day time limit for judicial review, or the fifteen-day time limit for filing a petition for rehearing.

Turning to the trial court's grant of Appellee's motion to dismiss, as discussed above, the trial court held that Appellant failed to appeal the final order of the Board within the sixty-day time limit. Thus, the trial court held that it lacked subject matter jurisdiction. For the reasons discussed above, the trial court's ruling was based on erroneous reasoning. Although the trial court correctly held that Mr. Phillips' case was governed by the UAPA, and that the October 27, 2020 letter was not UAPA-compliant, it nonetheless held that the letter constituted a final order from the Board. In other words, the trial court held that the Board proceedings were governed by the UAPA, but it failed to hold the Board to the contested-case procedures outlined in the UAPA. Having determined that, to date, the Board has not entered a final order (or an initial order) in this case, the sixty-day time limit remains untriggered. So, the trial court does lack subject matter jurisdiction, but not because Mr. Phillips missed a filing deadline. The trial court lacks subject matter jurisdiction because the Board has not entered a UAPA-compliant final order from which judicial review will lie. Tenn. Code Ann. § 4-5-322(a)(1) ("[a] person who is aggrieved **by a final decision** in a contested case is entitled to judicial review under this chapter. . . .") (emphasis added). As such, the trial court dismissal of Appellant's petition with prejudice was error. We reverse the trial court's dismissal of Appellant's petition with prejudice and remand for entry of an order dismissing the petition **without prejudice**, and for remand to the Board for entry of a UAPA-compliant order (the Board should not be precluded from re-opening proof or conducting additional hearing on Mr. Phillips' application). Once the Board issues a UAPA-compliant, final order, the time limits set out at Tennessee Code Annotated section 4-5-322(b)(1)(A)(iv) and 4-5-317(a) will trigger, and the parties may proceed accordingly.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order. The case is remanded for entry of an order dismissing Appellant's petition without prejudice, remand to the Board for entry of a UAPA-compliant order, and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellee, Chattanooga Fire and Police Pension Fund, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE